```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
1988 MORRIS AVENUE LLC, 1974 MORRIS AVENUE                              :   20-CV-4296 (ARR)
LLC, 700 BECK STREET LLC, 1143 FOREST AVENUE                            :
LLC, and 1821 TOPPING AVENUE LLC,                                       :   NOT FOR ELECTRONIC
                                                                        :   OR PRINT PUBLICATION
                    Defendants-Appellants,                              :
                                                                        :
    -against-                                                           :   OPINION & ORDER
                                                                        :
FMTB BH LLC,                                                            :
                                                                        :
                    Plaintiff-Appellee.                                 :
                                                                        :
----------------------------------------------------------------------- X
```

ROSS, United States District Judge:

In this bankruptcy appeal, plaintiff-appellee, FMTB BH LLC ("FMTB" or "appellee"), moves to dismiss for lack of subject-matter jurisdiction because the bankruptcy court decision under review is not final under 28 U.S.C. § 158(a). Pl.-Appellee's Mot. Dismiss 6–9 ("Appellee's Mot."), ECF No. 6-1. Defendants-appellants 1988 Morris Ave LLC, 1974 Morris Ave LLC, 700 Beck Street LLC, 1143 Forest Ave LLC, and 1821 Topping Ave LLC ("appellants") oppose, claiming the bankruptcy court decision at issue resolved the adversary proceeding between the parties. Defs.-Appellants' Opp'n Mot. Dismiss 4–7 ("Appellants' Opp'n"), ECF No. 8.[1] For the following reasons, I grant appellee's motion and dismiss the instant appeal for lack of subject-matter jurisdiction.

---

[1] Appellants assert that 1988 Morris Ave LLC was incorrectly sued as "1988 Morris Avenue LLC," 1974 Morris Ave LLC was incorrectly sued as "1974 Morris Avenue LLC," 1143 Forrest Ave LLC was incorrectly sued as "1143 Forest Avenue LLC," and 1821 Topping Ave LLC was incorrectly sued as "1821 Topping Avenue LLC." Appellants' Opp'n 1. I use appellants' preferred titles in this opinion, but appellants have not sought to change the caption.

1

## BACKGROUND

FMTB filed for Chapter 11 bankruptcy in April 2018. *See* Chapter 11 Bankr. Pet., *In re FMTB BH LLC*, No. 18-42228 (JMM), ECF No. 1 (Bankr. E.D.N.Y. Apr. 23, 2018). As part of its bankruptcy proceedings, FMTB brought an adversary proceeding against 1988 Morris Ave LLC, 1974 Morris Ave LLC, 700 Beck Street LLC, 1143 Forest Ave LLC, and 1821 Topping Ave LLC seeking specific performance of five contracts of sale to purchase five parcels of real property. *See* Decision 1, *FMTB BH LLC v. 1988 Morris Avenue LLC*, No. 18-1052 (JMM), ECF No. 74 (Bankr. E.D.N.Y. Sept. 2, 2020) ("Sept. 2 Decision"). Appellants subsequently brought breach-of-contract counterclaims for failing to make monthly mortgage payments required under two of these contracts. *Id.*

After holding a trial, the bankruptcy court found that FMTB "did not default under the contracts by failing to appear and tender performance on law day because the Defendants breached the contracts and were unable to transfer the properties in compliance with the contracts." *Id.* However, it held that it could not order specific performance of the contracts or damages for FMTB's failure to pay the required monthly mortgage payments because both claims "must be addressed in the context of the Plaintiff's bankruptcy case and the Bankruptcy Code." *Id.* at 28. Any relief was "premature" because FMTB had not shown it was entitled to assume the contracts under 11 U.S.C. § 365. *Id.* at 28–29. The court noted that if FMTB ultimately assumes the contracts, it must cure its default in failing to pay the monthly mortgage payments it owes to 1988 Morris Ave LLC and 1821 Topping Ave LLC. *Id.* at 29. If it does not, then those entities "may have pre-petition claims for those amounts. Under either scenario, entry of a post-petition judgment on pre-petition claims would be inappropriate." *Id.* Accordingly, the court issued an accompanying order dismissing appellee's claim to assume the contracts and appellants' counterclaims without

2

prejudice. *See* Order 1–2, *FMTB BH LLC v. 1988 Morris Avenue LLC*, No. 18-1052 (JMM), ECF No. 75 (Bankr. E.D.N.Y. Sept. 2, 2020).

Appellants filed the instant appeal on September 11, 2020 seeking review of the September 2 decision and order. Notice Appeal, ECF No. 1. Subsequently, FMTB moved to assume the contracts, appellants opposed, and the bankruptcy court granted that motion on September 30, 2020. *See* Order 2, *In re FMTB BH LLC*, No. 18-42228 (JMM), ECF No. 87 (Bankr. E.D.N.Y. Sept. 30, 2020) ("Sept. 30 Order"). In doing so, it also ordered FMTB to pay appellants 1988 Morris Ave LLC and 1821 Topping Ave LLC thirty-six months of mortgage payments on two properties within thirty days. *Id.* After FMTB notified appellants that it scheduled a closing for October 26, 2020, *see* Closing Notice 1, ECF No. 7-5 (annexed as Ex. D to Declaration of Joseph Zelmanovitz), appellants moved to stay the September 30 order pending appeal, *see* Mot. Stay Order Pending Appeal, *In re FMTB BH LLC*, No. 18-42228 (JMM), ECF No. 100 (Bankr. E.D.N.Y. Oct. 23, 2020). The bankruptcy court denied this motion orally on October 29, 2020. *See* Hearing Held, *In re FMTB BH LLC*, No. 18-42228 (JMM) (Bankr. E.D.N.Y. Oct. 29, 2020).

Appellee filed its motion to dismiss on October 30, 2020. *See* Appellee's Mot. Appellants filed their opposition on November 9, 2020, *see* Appellants' Opp'n, and appellee filed its reply on November 12, 2020, *see* Pl.-Appellee's Reply, ECF No. 9.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject-matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* I have subject-matter jurisdiction to review bankruptcy court decisions when such appeals are taken from "final

3

judgments, orders, and decrees." 28 U.S.C. § 158(a)(1).[2]

## DISCUSSION

Appellee argues that the September 2 decision and order are not final under 28 U.S.C. § 158(a)(1) because the bankruptcy court "expressly decline[d] to award the relief requested and le[ft] the matter open to be decided based on further motion practice." Appellee's Mot. 7. Appellants counter that the decision and order are final because they "determined the liability and the damages in the adversary proceeding" and "no further action is anticipated or required" in that proceeding. Appellants' Opp'n 5. I agree with appellee.

Under 28 U.S.C. § 158(a)(1), "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). "Given the strong federal policy against piecemeal appeals, . . . a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775–76 (2d Cir. 1992) (citations omitted). An order disposes of a discrete dispute only when it "resolve[s] all of the issues pertaining to [that] claim, including issues as to the proper relief." *Id.* at 776.

The instant appeal pertains only to the bankruptcy court's September 2 decision and its accompanying order. Notice Appeal 2. Appellants challenge several legal conclusions and findings of fact within the bankruptcy court's analysis "in deciding Plaintiff's five distinct claims for the specific performance of five contracts." *Id.* These issues, however, are not final. While the bankruptcy court may have determined the parties' rights under the contested contracts, it

---

[2] I also may hear bankruptcy appeals "with leave of the court, from [] interlocutory orders and decrees," but appellants have not invoked this jurisdictional provision. 28 U.S.C. § 158(a)(3).

explicitly declined to order any relief. Sept. 2 Decision 28. It dismissed both FMTB's specific performance claims and appellants' breach-of-contract counterclaims without prejudice, finding them premature before the court determined whether FMTB could assume the contracts at issue. *Id.* Therefore, applying *Fugazy*, the September 2 decision and order could not have resolved all the issues pertaining to either FMTB's specific performance claim or appellants' breach-of-contract counterclaims because the bankruptcy court did not determine "the proper relief." *Fugazy*, 982 F.2d at 776; *see also In re Flour City Bagels, LLC*, No. 16-CV-6667 (FPG), 2017 WL 1433339, at *2 (W.D.N.Y. Apr. 24, 2017) (holding that a bankruptcy court order denying a specific performance motion in an adversary proceeding was not final because it merely rejected one form of relief rather than resolving the entire claim); *In re Duke & Benedict, Inc.*, 278 B.R. 334, 343 (S.D.N.Y. 2002) (finding declaratory order in adversary proceeding non-final partly because "none of the relief sought in appellees' complaint has been granted"). Holding otherwise would lead to "piecemeal appeals." *Fugazy*, 982 F.2d at 775.

Appellants offer no case law supporting their argument that the September 2 decision and order were final. Rather, appellants assert that they must be final because they "determined the liability and the damages in the adversary proceeding," which is docketed separately from the main bankruptcy case. Appellants' Opp'n 5. Appellants postulate, without support, that "[m]erely because the Debtor must take steps in the Bankruptcy Case does not make the Adversary Proceeding trial Order not final." *Id.*

This argument is both factually and legally incorrect. First, the bankruptcy court did not determine damages. Sept. 2 Decision 28. Rather, it held that appellants could not seek damages at this juncture and dismissed their damages claims without prejudice. *Id.*; Sept. 2 Order 2. Moreover, to the extent that the bankruptcy court determined liability, "[i]t is a basic rule of finality that only

5

when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a . . . final decision." *In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993) (citation and quotation marks omitted); *see also Flour City Bagels*, 2017 WL 1433339, at *2 ("[T]he fact that the bankruptcy court's order completely resolves the discrete legal issues addressed therein is irrelevant. . . . [T]he relevant question is whether the bankruptcy court order resolved a discrete claim within the larger bankruptcy case." (quotation marks omitted)). Adjudicating an assumption motion is far from a "ministerial task[]." *Integrated Res.*, 3 F.3d at 53. Appellants opposed FMTB's assumption motion, and had they prevailed, they would have had no need for this appeal. *See* Appellee's Mot. 7.

Second, *Fugazy*'s rule that an order is final only if it resolves all issues regarding relief does not admit the exception appellants propose. When a decision in an adversary proceeding leaves relief as an open question, it cannot be final, even if it does so because relief must be obtained through the separate bankruptcy case. *See, e.g.*, *In re Bradlees Stores, Inc.*, 210 B.R. 506, 508 (S.D.N.Y. 1997) (applying *Fugazy* to conclude bankruptcy court order was not final because the plaintiff's claims in the adversary proceeding could not be resolved before resolving the plaintiff's proofs of claim in its bankruptcy case).

Finally, appellants contend that holding that the September 2 decision and order are not final would lead to the absurd result that these decisions never will be final. Appellants' Opp'n 5. Not so. As appellee rightly notes, the bankruptcy court's September 30 order granting the assumption motion is final. Appellee's Reply 3. Had appellants appealed that order, my review necessarily would have included the bankruptcy court's reasoning in the September 2 decision.[3]

---

[3] Appellants' attempts to distinguish appellee's cases on their facts are beside the point. *See* Appellants' Opp'n 6–7. Appellee used these cases to articulate the legal standards, not to make factual comparisons. *See* Appellee's Mot. 6–9.

## CONCLUSION

For the foregoing reasons, I grant appellee's motion and dismiss the instant appeal. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

                                                \_\_\_\_/s/_____
                                                Allyne R. Ross
                                                United States District Judge

Dated:       December 7, 2020
                Brooklyn, New York